# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WADE LAY,                              )
                                       )
      Petitioner,             )
                                       )
v.                                     )      **No. CIV 18-139-RAW**
                                       )
UNITED STATES OF AMERICA,              )
et al.,                                )
                                       )
      Respondents.            )


## OPINION AND ORDER

On May 2, 2018, Petitioner, a death-sentenced state prisoner who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, filed this petition for writ of quo warranto[1] pursuant to "Fed. R. Civ. P. 9(c), 'conditions precedent,' and Fed. R. Civ. P. 81(a)(4), and the prevailing case law precedent and statutory provisions listed [in the petition]" (Dkt. 1 at 1-2).[2] The respondents are the United States of America; Susan Otto, Federal Public Defender for the Western District of Oklahoma; Phil Lombardi, Clerk of the United States District Court for the Northern District of Oklahoma; Elizabeth A. Shumaker, Clerk of the Tenth Circuit Court of Appeals; and Lisa Nesbitt, Clerk of the United States Supreme Court.

Petitioner alleges that without his assent, Defendants Phil Lombardi and Susan Otto acted in tandem to file a motion pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994),[3]

---

[1] According to *Black's Law Dictionary*, quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed."

[2] Petitioner was convicted and sentenced in Tulsa County District Court Case No. CF-2004-2320.

[3] *McFarland* concerns the right to counsel for capital defendants in habeas corpus proceedings and the district court's jurisdiction to enter a stay of execution.

intended "to supplant the claims presented to the state court by Petitioner on direct appeal." *Id*. at 6. Defendants Elizabeth Shumaker and Lisa Nesbitt, allegedly "have repeatedly shown a consistent pattern of abuse, violating the rules of the court, that they serve, and refusing to adhere to the prevailing dynamic that concerns the case that is filed in their court." *Id*. at 7. Petitioner further complains that on January 9, 2017, Defendant Nesbitt, the Clerk of the Supreme Court, altered the caption and the names of the parties in a "next friend" filing by a Tulsa attorney. *Id*. at 8.

Petitioner "demands a conduit be provided as that anticipated by Congress in the A.E.D.P.A. . . . ." *Id*. at 10. He maintains the United States District Court for the Northern District of Oklahoma "has abused its discretion, acting as a blockade to Wade Lay's claims that were presented to the state court (*i.e.*, the O.C.C.A.), claims 'adjudicated on the merits,' under 28 U.S.C. § 2254(d)." *Id*. Petitioner also requests an immediate stay in the proceedings before the U.S. Supreme Court to ascertain the legality of the certiorari petition in *Lay v. Royal*, No. 17-7685 . . . . with respect to whether the Northern District Court lacked jurisdiction, in light of *McFarland*; *Barefoot v. Estelle*, 463 U.S. 880 (1983); and *Whitmore v. Arkansas*, 495 U.S. 149 (1980). (Dkt. 1 at 10-11). For these and related reasons, Petitioner maintains he "has a lawful right to motion this court to re-toll the '1-year period of limitation'" under 28 U.S.C. § 2244(d)(1)(B) and 28 U.S.C. § 2255(f)(2).[4] (Dkt. 1 at 12).

According to the U.S. Supreme Court website, Petitioner's petition for a writ of

---

[4] 28 U.S.C. § 2244(d)(1)(B) states that the one-year limitation period for an application for a writ of habeas corpus by a person in state custody runs from the latest of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." For federal prisoners, 28 U.S.C. § 2255(f)(2) sets forth a parallel limitation period when governmental action in violation of the Constitution or laws of the United States creates an impediment to filing a § 2255 motion.

certiorari in Case No. 17-7685 was denied on April 16, 2018. To the extent Petitioner is presenting issues related to his habeas petition in the Northern District of Oklahoma, or asserting the respondents prevented him from filing a habeas petition, the Court finds such claims should be presented in the Northern District of Oklahoma, because he was convicted and sentenced within the territorial jurisdiction of that district. Therefore, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2241(d).

**IT IS SO ORDERED** this 13th day of July 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma